# JUAN MARTINO GONZALEZ

*v.*

# LEON RAMOS BUIST ET AL.

Law, No. 456.

Although the parties are not identical with those in a former suit, yet, when they plead the same action, with the same object, invoke the same rights, and base their pretentions on the same titles, so that their judicial situation is identical in both cases, a plea of *res judicata* is good.

Opinion filed July 31, 1908.

*Mr. T. D. Mott, Jr.,* attorney for the plaintiff.

*Messrs. Sweet, Rossy, & Campillo,* attorneys for the defendants.

RODEY, Judge, delivered the following opinion:

This is a suit in ejectment to recover possession of 100 cuerdas of land situated immediately south of the bay of San Juan, Porto Rico. The parties waived a jury trial and stipulated to try the case before the court alone. A short oral hearing was had, when counsel made their statements, but no witnesses were introduced.

After an inspection of the record, we concluded that the plea of *res judicata* might be well founded, and therefore we

called upon counsel to present transcript proofs of the same, and written briefs in regard to the same, which each soon thereafter did. Therefore, the matter is before us now upon the general demurrer of the defendants and their said plea to the complaint.

There is, in our opinion, sufficient evidence before us in the way of exhibits filed with the written arguments of counsel to enable us to fully understand and pass upon this plea of *res judicata,* without calling for or permitting any further proofs in the premises.

From a full examination of the matter, we are satisfied that this suit on the part of this plaintiff is nothing more or less than an effort to get a new trial of an issue already decided, and to circumvent the action of the insular courts, where the matter has been fully tried and decided.

The remedy of this plaintiff, if he has any, is, in our opinion, to take an appeal from the decision of the supreme court of Porto Rico, if he can, or to move in the insular courts for a modification of the judgment, and not to attempt to attack it collaterally here.

We do not think the point about the warning notice, made in the brief for complainant, has any merit; and we fully agree with the contention of counsel for defendants that, even though the parties suing in a cause are not wholly the same that were sued some time before in another proceeding, still, if the same subject-matter was passed upon, the matter is settled, because, of necessity, the decision will have to be the same in the later trial, where it turns upon exactly the same questions of law.

This plaintiff, in our opinion, has had his full day in court. He was ousted and dispossessed by the judgment and order of the supreme court of the island, and every question that it would be possible to raise now was, as we see from the transcript of

record before us, raised in the suit which resulted in that judgment.

As to the plea of *res judicata* in this sort of a case, see Sentencia No. 358, Supreme Court of Spain, October 6, 1884, volume 56, Jurisprudencia Civil, where it was held that "although it is true that law 20, title 22, of the Partida 3, establishes that the principle of *res judicata* does not apply to persons who have not been party to the trial, it is also true that from this rule is excepted cases where persons plead the same action, with the same object, invoke the same rights, and base their pretensions on the same titles, so that the judicial situation of the parties is identical in both instances."

See also Bank of Kentucky v. Stone, 88 Fed. 393, 394, and citations, which has some analogy.

It would be useless to have a further hearing on this plea, as requested by counsel for defendants, because we are satisfied that the matter has been fully settled in the insular courts during a protracted series of lawsuits, arbitrations, appeals, etc., etc., that has lasted more than seventeen years, and the remedy is not here at this time. The plea will therefore be sustained and the complaint dismissed with costs, and it is so ordered.